NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0514n.06

**No. 20-1817**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 02, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DETROIT UNITY FUND, et al., | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GRETCHEN WHITMER, et al., | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendants-Appellants. | ) | |
| | ) | |

BEFORE: ROGERS, COOK, and DONALD, Circuit Judges

**BERNICE BOUIE DONALD**, **Circuit Judge**.

Plaintiffs-Appellees Detroit Unity Fund and Virgil Smith ("Plaintiffs") seek to enjoin Governor Gretchen Whitmer et al. ("Defendants") from enforcing the filing deadline for local ballot initiatives. Plaintiffs seek to place a recreational marijuana ordinance on the ballot. Michigan state law sets a filing deadline by which Plaintiffs were required to file the requisite number of signatures. That deadline was 5:00 P.M. on July 28, 2020. *See* Mich. Comp. Laws § 168.646a(2). Plaintiffs concede they have not collected sufficient signatures. Plaintiffs filed their Complaint and Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction at 3:12 and 3:37 P.M. on July 28, less than two hours before the deadline.

The district court held a hearing at which it denied injunctive relief from the bench, later issuing a thorough order explaining its reasons. In that order, the district court first found that Plaintiffs' claims were barred by laches, considering the unreasonable delay on the part of

Plaintiffs and the consequent prejudice to Defendants. The district court also found that Plaintiffs' substantive claims were unlikely to succeed on the merits because under the applicable *Anderson-Burdick* framework, the burden imposed upon Plaintiffs merited only intermediate scrutiny because it was not a "severe" burden. This Court recently found a "severe burden" where the applicable signature-gathering deadline fell *within* the stay-at-home order, *see Esshaki v. Whitmer*, 813 F. App'x 170, 171-72 (6th Cir. 2020), but here the burden was not severe because the applicable stay-at-home orders ended two months before the signature-gathering deadline. In applying an intermediate level of review and weighing the competing interests, the district court found that the filing deadline serves an important government interest in easing the administrative burden on election officials in finalizing and printing the ballots. Concluding that Plaintiffs failed to show a likelihood of success on the merits, the district court denied injunctive relief.

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in denying injunctive relief. The district court's opinion carefully and correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision. Thus, issuance of a full written opinion by this Court would serve no useful purpose, particularly where the circumstances merit expediency. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.